JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)   PLAINTIFFS**

Michele Vandegrift

**(b)** County of Residence of First Listed Plaintiff   Montgomery
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Caren N. Gurmankin, Esquire
Console Law Offices LLC
1525 Locust Street
9th Floor
Philadelphia, PA 19102
(215) 545-7676

**DEFENDANTS**

City of Philadelphia

County of Residence of First Listed Defendant   Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 2  U.S. Government
       Defendant

☒ 3  Federal Question
       (U.S. Government Not a Party)

☐ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | **PERSONAL PROPERTY** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 370 Other Fraud | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 380 Other Personal Property Damage | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 385 Property Damage Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 442 Employment | **Habeas Corpus:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 444 Welfare | ☐ 535 Death Penalty | | |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | |

Also in TORTS:
**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000(e), et seq. ("Title VII"); 42 U.S.C. §1983 ("Section 1983")
Brief description of cause:
Plaintiff is alleging sex discrimination and retaliation.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**     (See instructions):     n/a
JUDGE _____   DOCKET NUMBER _____

DATE   June 15, 2016

SIGNATURE OF ATTORNEY OF RECORD
Caren N. Gurmankin, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

APPENDIX F

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Michele Vandegrift, Huntingdon Valley, PA 19006

Address of Defendant: City of Philadelphia, 1401 John F. Kennedy Blvd., Philadelphia, PA 19102

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)). Yes ☐ No ☒

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A. Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

**B. Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Caren N. Gurmankin, Esquire , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: June 15, 2016 _____ 205900

Attorney-at-Law      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: June 15, 2016 _____ 205900

Caren N. Gurmankin, Esquire

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Michele Vandegrift | : | CIVIL ACTION |
| | : | |
| v.      Plaintiff, | : | |
| | : | |
| City of Philadelphia | : | NO. |
| Defendant. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| | | |
|---|---|---|
| June 15, 2016 | _C. Mgn_ | Plaintiff, Michele Vandegrift |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 545-7676 | (215) 565-2853 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELE VANDEGRIFT**<br>**Huntingdon Valley, PA 19006** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| **1401 John F. Kennedy Boulevard** | : | |
| **Philadelphia, PA 19102** | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant.** | : | |
| | : | |

## <u>COMPLAINT</u>

I.   <u>**INTRODUCTION**</u>

Plaintiff, Michele Vandegrift, brings this action against her employer, the

City of Philadelphia ("Defendant").  Plaintiff, a twelve (12) year, highly regarded

veteran with Defendant's Police Department, including the last five (5) years as a

Detective, has endured gross, degrading, and systematic sexual harassment by

male supervisors and employees.  When Plaintiff dared to complain about the

humiliating and offensive treatment to which she was being subjected based on

her sex, Defendant punished *her* by transferring her out of the division to which

she had been assigned during her entire tenure as a detective (since 2011);

subjecting *her* to multiple interrogations regarding her complaints; and, telling her

that *she* would be disciplined in connection with her allegations (for the first time

in her career with Defendant).  Over one (1) year after Plaintiff made her initial

complaints regarding Defendant's sex discriminatory and retaliatory conduct,
Defendant sent her a letter informing her only that her complaints were
"unfounded," without any basis for that conclusion.  To date, Defendant has not
informed Plaintiff of any remedial or corrective action that they have taken
regarding the sex discriminatory and retaliatory conduct to which she has been
subjected.

Defendant has discriminated, and continues to discriminate, against
Plaintiff based on her sex, and retaliated against her based on her complaints
about the same, in violation of Title VII of the Civil Rights Act of 1964, as
amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"); the Pennsylvania Human
Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"); and the Philadelphia
Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq.* ("PFPO").
Defendant's conduct also deprived Plaintiff of her constitutional rights of the
Equal Protection Clause of the Constitution in violation of 42 U.S.C. §1983
("Section 1983").

## II.   PARTIES

1.      Plaintiff, Michele Vandegrift, is an individual and a citizen of the
Commonwealth of Pennsylvania.

2.      Plaintiff is female.

3.      Defendant, the City of Philadelphia, is a political subdivision of the
Commonwealth of Pennsylvania, with its principal office located at 1401 John F.
Kennedy Boulevard, Philadelphia, PA 19102.

4.      Defendant is engaged in an industry affecting interstate commerce

2

and regularly do business in the Commonwealth of Pennsylvania.

5.      At all times material hereto, Defendant employed more than fifteen (15) employees.

6.      At all times material hereto, Defendant's policies, customs, and practices in its Police Department were discriminatory towards females.

7.      At all times material hereto, Defendant instituted, acquiesced in, ratified and/or took action against Plaintiff and other females.

8.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.      At all times material hereto, Defendant acted as an employer within the meanings of Title VII, the PHRA, and the PFPO.

10.     At all times material hereto, Plaintiff was an employee of Defendant within the meanings of Title VII, the PHRA, and the PFPO.

11.     At all times material hereto, Defendant acted under color of state law.

**III.    JURISDICTION AND VENUE**

12.     The causes of action which form the basis of this matter arise under Title VII, Section 1983, the PHRA, and the PFPO.

13.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

14.     The District Court has jurisdiction over Count II (Section 1983)

pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

15.　　The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

16.　　The District Court has supplemental jurisdiction over Count IV (PFPO) pursuant to 28 U.S.C. §1367.

17.　　Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

18.　　On or about August 27, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

19.　　On or about October 27, 2014, Plaintiff filed an Amended Charge of Discrimination with the EEOC, complaining of acts of discrimination and retaliation alleged herein. This Charge was cross-filed with the PHRC. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the Amended EEOC Charge of Discrimination (with personal identifying information redacted).

20.　　On or about April 14, 2015, Plaintiff filed a Second Amended Charge of Discrimination with the EEOC, complaining of acts of discrimination and retaliation alleged herein. This Charge was cross-filed with the PHRC.

Attached hereto, incorporated herein and marked as Exhibit "3" is a true and correct copy of the Second Amended EEOC Charge of Discrimination (with personal identifying information redacted).

21.     On or about June 5, 2015, Plaintiff filed a Third Charge of Discrimination with the EEOC, complaining of acts of discrimination and retaliation alleged herein.  This Charge was cross-filed with the PHRC.  Attached hereto, incorporated herein and marked as Exhibit "4" is a true and correct copy of the Third EEOC Charge of Discrimination (with personal identifying information redacted).

22.     On or about July 24, 2015, Plaintiff filed a Fourth Charge of Discrimination with the EEOC, complaining of acts of discrimination and retaliation alleged herein.  This Charge was cross-filed with the PHRC.  Attached hereto, incorporated herein, and marked as Exhibit "5" is a true and correct copy of the Fourth Charge of Discrimination (with personal identifying information redacted).

23.     On or about March 18, 2016, the Department of Justice issued to Plaintiff a Notice of Right to Sue for her Amended and Second Amended Charges of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "6" is a true and correct copy of the notice.

24.     On or about April 5, 2016, the Department of Justice issued to Plaintiff a Notice of Right to Sue for her Third Charge of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit "7" is a true and correct copy of the notice.

25.     On or about April 20, 2016, the Department of Justice issued to Plaintiff a Notice of Right to Sue for her Fourth Charge of Discrimination. Attached hereto, incorporated herein and marked as Exhibit "8" is a true and correct copy of the notice.

26.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

27.     Plaintiff joined Defendant's Police Academy in around May 2004, and graduated about seven (7) months later, in December 2004.  She was assigned to the night shift (12am – 8am) in the North Philadelphia/Kensington area of the city.  After approximately three (3) years, Plaintiff was assigned to the Center City District.

28.     In or about 2011, Plaintiff took, and passed, the detective exam. She was promoted into a detective position around December 2011 and assigned to South Division.

29.     At all times material hereto, Plaintiff performed her duties in a highly competent manner.  Comments on her last performance review, which she received in or about May 2015, included that, "Your work performance, report writing, and level of professionalism are outstanding.  You are a dependable employee who needs very little supervision.  You have been an asset to 2 squad and I hope you have much success in furthering your career in the police department."

30.     During Plaintiff's employment, Defendant engaged in policies,

practices, and/or customs to treat males more favorably than similarly situated female employees. Evidence if the same is set forth here, and includes, but is not limited to, engaging in sexually harassing conduct towards female employees and failing to take remedial and/or corrective action regarding sex discriminatory conduct, including sexual harassment.

31.     Defendant has discriminated against Plaintiff because of her sex, including sexually harassing her. Plaintiff has also been retaliated against because of her complaints of sex discrimination. The same includes, but is not limited to, the following:

(a)     In or around 2007, a male Inspector, who was in Plaintiff's chain of command, told her to come up to his office. When Plaintiff went in, the inspector approached her and said, "I want to know how wet you are." He stuck his hand down her pants and her underwear, inserted his finger in her vagina, pulled his hand out of her pants and tasted his finger. Plaintiff was shocked, and sickened by the male Inspector's conduct, and she immediately left his office;

(b)     In or around 2009, Plaintiff was on patrol with a male officer. After telling Plaintiff that his girlfriend's vagina was too small and it hurt his penis when he had sex with her, he suddenly pulled down the zipper of his pants and exposed himself to Plaintiff;

(c)     In or around 2007, Plaintiff came in to work and with sunburn on her face. A male sergeant asked her if she got her sunburn while engaging in "roadhead" with her fiance. Plaintiff understood "roadhead" to refer to a woman giving a man oral sex while he is driving;

7

(d)     In or about 2007, a male officer in Plaintiff's squad commented about a new female officer that had just graduated from the Academy, "Oh my God, did you see her.  She's just my type.  I'd fuck the shit out of her;"

(e)     In or around 2011, a male sergeant (and Plaintiff's then-supervisor) was talking to her about a rumor that a female police officer was having an affair with a (higher level, male) sergeant in our squad.  In the middle of that conversation, Plaintiff's supervisor said, "No man would ever turn down a blow job."  Plaintiff understood the male sergeant's comment to mean that he wanted her to offer to give him a blow job and that he would accept the same;

(f)     In or around 2009, a male supervisor-level employee told Plaintiff that the squad in which she worked at the time thought that she was "fucking" her male supervisor;

(g)     In or around 2010, Plaintiff was walking to the women's locker room when a male officer came out of the men's locker room.  He made sure to stop and check that Plaintiff was looking at him, and then he started zipping up his pants.  When Plaintiff told him not to ever do that again, he rolled his eyes and said, "whatever";

(h)     Plaintiff has repeatedly heard male officers make sex-based comments about an attractive female complainant or witness, including, but not limited to, discussing what they would like to do to the female sexually; and, commenting about the female's breasts or backside area;

(i)     In or around 2010 or 2011, Plaintiff was in the parking lot at

Defendant's Ninth District.  A male officer walked by and slapped her on her backside.  When Plaintiff's brother, an officer with Defendant's Police Department, who witnessed the incident, complained to the officer's supervisor, the supervisor made the officer apologize to Plaintiff.  To the best of Plaintiff's knowledge, the officer was not disciplined for slapping her on her backside;

(j)     In or around 2011, Plaintiff was in a car with a male officer when they stopped to talk to two (2) male colleagues.  After Plaintiff and the officer drove away, the officer showed her a text message that one (1) of the officers sent that said, "are you fucking that;"

(k)     Plaintiff's male colleagues have told her that she should take it as a compliment when they, and other males, stare at her;

(l)     On or about August 7, 2014, a male detective in Plaintiff's squad sent her and several of her (male) colleagues a text message.  The text stated, "Does anyone recognize this girl with [a male Captain who worked in South Division]?"  Attached to the text message was a picture of Jerry Jones, the owner of the Dallas Cowboys football team, pushing a woman's head into his crotch.  The woman in the picture looked like Plaintiff;

(m)     Plaintiff was aware that Jerry Jones was recently sued by a stripper who accused him of sexually assaulting her, including groping her genitals, making her rub his penis, and forcing her to watch as he received oral sex from a different woman.  The woman who brought the lawsuit alleged that she took pictures of Mr. Jones with other women, including the picture that the detective texted to Plaintiff and her male colleagues;

9

(n)     In response to the male detective's text message, another male detective in Plaintiff's squad  replied to everyone on the text, "Yeah, yeah. She looks familiar.  Yeah yeah I think I've got it."  As Plaintiff's colleagues were well aware, she frequently said, "yeah, yeah" in conversation;

(o)     On or about August 16, 2014, a male sergeant asked if anyone had the (male) supervisor (Lieutenant's) phone number.  When Plaintiff said that she did, and handed the sergeant her phone so that he could use it to call the Lieutenant, he said, "hold up, he's not going to answer the phone and say, hey baby?"  The other (male) detectives who were in the room started laughing;

(p)     On or about July 28, 2014, Plaintiff was walking to court when she saw two (2) male detectives from her squad.  One (1) of the detectives looked at Plaintiff's chest and said, "What, are you trying to show off your cleavage today?"  He then laughed and punched Plaintiff in the arm.  The other male detective then looked at Plaintiff's chest and laughed;

(q)     A male detective in Plaintiff's squad kept a large coffee mug on his desk on which he painted, in white-out, "Get Off My Dick"; and,

(r)     On or about June 25, 2014, a male detective in Plaintiff's squad asked her if she went anywhere good on her recent vacation.  When Plaintiff responded that her family went to Ocean City, the male detective said that he thought she went to "Hedonism."  Plaintiff understood the detective's reference to Hedonism to be regarding a vacation spot in Jamaica that is known to be sexually wild and a destination for nudists and swingers.  When Plaintiff told

the male detective that she would never go there for vacation, as she was married with a baby, he said that that was an "even better reason to go."

32.     Defendant's demographics evidenced a bias against female employees.  Evidence of the same includes, but is not limited to, the following:

(a)     Out of approximately fifty (50) detectives in South Division, only about six (6), including Plaintiff, are female;

(b)     Plaintiff was the only female in her squad in South Division;

(c)     To the best of Plaintiff's knowledge, there was not a female Captain in South Division for approximately the last fifteen (15) years;

(d)     Since Plaintiff's assignment to the South Division, in or around 2011, there has been only one (1) female Lieutenant, in around 2014; and,

(e)     Plaintiff has never had a female direct supervisor.

33.     As detailed below, Plaintiff made numerous complaints regarding Defendant's sex discriminatory conduct.  Defendant failed to take appropriate remedial and/or corrective action regarding Plaintiff's complaints, but, rather, retaliated against Plaintiff.

34.     In or around June 2014, Plaintiff complained to her (male) supervisor (Lieutenant), that the male detectives did not respect her because she was female, that the male detectives responsible for assigning work were favoring the males by giving them more complex cases that warranted greater overtime, and that they were spreading rumors that she was in a sexual relationship with the (male) Lieutenant.

35.     In response to Plaintiff's complaints, her (male) supervisor told her that he could not say anything to the male detectives because then it would look like he was sticking up for her.  He told her to direct her complaints to the (male) sergeants.

36.     On or about August 25, 2014, Plaintiff went to Defendant's Employee Assistance Program ("EAP"), as she was extremely upset and stressed regarding the sexist, degrading conduct to which she was being, and had been, subjected.  The advice of the EAP counselor was to tell her male colleagues to "knock it off."  Plaintiff was also told by the EAP to just let her Captain handle the situation, rather than filing a complaint against Defendant.

37.     Plaintiff subsequently made a complaint with the Equal Employment Opportunity ("EEO") unit of Defendant's Internal Affairs Bureau ("IAB") regarding the sex discriminatory conduct to which she was being subjected.

38.     After Plaintiff advised her (male) second level supervisor that she had just filed an EEO complaint, and after her union contacted him to ask how Defendant was going to handle her complaints, Plaintiff was told that she could transfer into a different squad within South Division.

39.     Upon Plaintiff's transfer into a different squad, she was told that her male colleagues in her former squad were saying that she was "fucking" her male supervisor, that she had back-stabbed him by making a complaint, and that she could not be trusted because of her complaint.

40.     Upon Plaintiff's transfer into a different squad, she was treated with

hostility and ignored by her colleagues.

41.     On or about August 27, 2014, Plaintiff filed a Charge of Discrimination with the EEOC regarding the discriminatory conduct to which she was being subjected.

42.     On or about September 5, 2014, Defendant informed Plaintiff that she was being temporarily reassigned to the Southwest Division.  That division is generally perceived by police officers and detectives to be the worst division in which to work, as it is extremely busy and extremely hectic.  The Southwest Division is also further from Plaintiff's home than the South Division.  The Southwest Division is well-known as the location to which officers and detectives who are in trouble or who have engaged in misconduct are sent as a punitive measure.

43.     When Plaintiff asked the reason for her reassignment, she was told that it was best for her "protection" to be moved out of South Division.

44.     Defendant's reassigning Plaintiff to Southwest Division has made her job more difficult, as she gets direction from both Southwest Division and South Division.  The same includes, but is not limited to, the following:

        (a)     Plaintiff was told by her Southwest Division supervisors that they were unable to approve her vacation days, and that the South Division supervisors would need to approve the same;

        (b)     Plaintiff had to go through South Division to take a required test regarding a computer application that she needed to access as part of her job;

(c)   Plaintiff had to go through Southwest Division regarding her daily work schedules and assignments;

(d)   Both South Division and Southwest Division required Plaintiff to sign off on the same training materials;

(e)   Plaintiff had to go through South Division regarding the renewal of her driver's license;

(f)   Plaintiff had to go through South Division regarding the expiration of her police identification card;

(g)   Plaintiff was unable to check her time off (sick, vacation, holiday) balances on the computers in Southwest Division and had to wait for South Division to send her that information via mail; and,

(h)   Plaintiff was contacted by both South Division and Southwest Division regarding getting fitted for a new bulletproof vest.

45.   On or about February 27, 2015, Plaintiff advised Defendant that she was pregnant.

46.   On or about April 23, 2015, Plaintiff submitted a request to be detailed to Northeast Detectives Division as soon as possible and for the duration of her pregnancy.  The reason for Plaintiff's request was that her commute was extended since her reassignment to Southwest Division last year, shortly after she made her complaints regarding the discriminatory and retaliatory conduct to which she was subjected.  The longer commute created issues with her physical capabilities associated with her pregnancy.

47.   Plaintiff's supervisors at Southwest Division approved her request,

and she was told that the same was submitted to Defendant's Chief Inspector.

48.    On or about May 13, 2015, Plaintiff was told that Defendant denied her request.  She was not given a reason for the same.

49.    On or about May 19, 2015, Plaintiff submitted a second request to be detailed to Northeast Detectives as soon as possible and for the duration of her pregnancy.  In Plaintiff's memo, to which she attached a letter from her doctor regarding her request for a temporary reassignment due to her pregnancy, she stated the following:

> This is my second request to be detailed to Northeast Detectives as soon as possible for the remainder of my pregnancy.  I submitted my first request to be detailed to NEDD on April 23, 2015.  On May 13, 2015, I was advised that my request was denied; I was not given a reason as to why my request was denied.
> After I made complaints last year about sex discrimination, including regarding South Division where I was then assigned, I was detailed, involuntarily, to Southwest Division which involves a longer commute from my home than I had when I was assigned to South Division, and my travel time has become an issue with my new physical capabilities associated with my pregnancy.  I have exhausted my options as far as different travel routes however this has not assisted with the issue.

50.    On or about June 4, 2015, Plaintiff was told that Defendant denied her second request to be detailed temporarily to Northeast Detectives for the duration of my pregnancy.  She was not given a reason for the same.

51.    Between around August 2014 and around June 2015, Plaintiff underwent five (5) interrogations from investigators at Defendant's Internal Affairs Division regarding her complaints of discriminatory and retaliatory conduct. During one (1) of the interrogations, the (male) investigator told Plaintiff that he

has investigated other sexual allegations against the Inspector who stuck his hand down Plaintiff's pants and inserted his fingers into her vagina.  He said that certain employees have "carte blanche" to act the way that they do, that he had "run into a brick wall" regarding those other investigations, and that other sexual allegations against "higher-ups" in Defendant's Police Department get swept under the rug.

52.     On or about July 23, 30215, Plaintiff was informed that she was being charged with "Conduct Unbecoming" for "Lying or attempting to deceive regarding a material fact during the course of any Departmental investigation." Plaintiff was told that the basis of the same was that an EEO investigation had determined that she "lied or attempted to deceive regarding a material fact during the course of this investigation."

53.     Plaintiff was told that the EEO investigation had determined that she violated departmental policy, pursuant to Directive 97, Equal Employment Complaint Procedures, for posting an "inappropriate" Facebook message on July 29, 2014 to one (1) of her peers, a male detective in her squad, and one of the employees whom she complained engaged in sex discriminatory conduct towards her, including sending the above-referenced text message of Jerry Jones, the owner of the Dallas Cowboys football team, pushing a woman's head into his crotch.

54.     Plaintiff was further informed that she would be called at a hearing, at an unknown date, before the Police Board of Inquiry and that a (male) Lieutenant, one (1) of the investigators at Respondent's Internal Affairs Bureau

who has interrogated her regarding her claims, was going to be a witness at the hearing.  Plaintiff had informed the Lieutenant about the Facebook message (and given him a copy of the same) during her first meeting with him regarding her complaints, in around August 2014.

55.    This is the first time during Plaintiff's career with Defendant's Police Department that she was ever disciplined or accused of any inappropriate conduct.

56.    On or about December 4, 2015, Defendant sent Plaintiff a letter that stated the following:

> Internal Affairs Division conducted an investigation filed by you under Equal Employment Opportunity, Case #15-0019, improper comments.
>
> The investigation is **UNFOUNDED – NON EEO**. (emphasis included).
>
> The Internal Affairs Division is available to assist you as you continue your career with the Police Department.
>
> Chief Inspector
> Office of Professional Responsibility

57.    Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, Defendant's transfer of Plaintiff out of South Division and into Southwest Division, and Defendant issuing Plaintiff a disciplinary notice.

58.    Plaintiff's complaining of sex discrimination was a motivating and/or determinative factor in Defendants' retaliatory treatment of Plaintiff, including the hostile work environment to which Plaintiff was subjected, Defendant's transfer of

17

Plaintiff out of South Division and into Southwest Division, and Defendant issuing Plaintiff a disciplinary notice.

59.     Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

60.     The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

61.     The discriminatory and retaliatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

62.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

63.     Defendant acted with malice, reckless indifference, and/or deliberate indifference to Plaintiff's protected rights.

## COUNT I - Title VII

64.     Plaintiff incorporates herein by reference paragraphs 1 through 63 above, as if set forth herein in their entirety.

65.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

66.     Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

67.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

68.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

69.     No previous application has been made for the relief requested herein.

## COUNT II – Section 1983

70.     Plaintiff incorporates herein by reference paragraphs 1 through 69 above, as if set forth herein in their entirety.

71.     Defendant's discriminatory and retaliatory conduct, as set forth herein, deprived Plaintiff of equal protection under the law as guaranteed by the Fourteenth Amendment of the United States Constitution.

72.     Defendant's violation of the constitution included policies, practices, and/or customs to treat female employees in Defendant's Police Department less

favorably than male employees, which was committed, directed, implemented, and/or ratified by officials of Defendant in supervisory capacities with policymaking and decision-making authority.

73.     As a direct and proximate result of Defendant's acts and conduct which caused and continue to cause Plaintiff to be denied equal protection under the law, Plaintiff has suffered and will suffer those injuries, damages, and losses alleged herein and has incurred and will incurred attorneys' fees.

74.     The wrongful acts and conduct of Defendant were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

## COUNT III - PHRA

75.     Plaintiff incorporates herein by reference paragraphs 1 through 74 above, as if set forth herein in their entirety.

76.     Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PHRA.

77.     Said violations were intentional and willful.

78.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

79.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

80.     No previous application has been made for the relief requested herein.

## COUNT IV - PFPO

81.     Plaintiff incorporates herein by reference paragraphs 1 through 80 above, as if set forth herein in their entirety.

82.     Defendant, by the above improper and discriminatory and retaliatory acts, has violated the PFPO.

83.     Said violations were intentional and willful.

84.     As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

85.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

86.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of Section 1983;

(c)     declaring the acts and practices complained of herein to be

21

in violation of the PHRA;

  (d) declaring the acts and practices complained of herein to be in violation of the PFPO;

  (e) enjoining and permanently restraining the violations alleged herein;

  (f) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

  (g) awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

  (h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

  (i) awarding punitive damages to Plaintiff;

  (j) awarding Plaintiff such other damages as are appropriate under Title VII, Section 1983, the PHRA and the PFPO;

  (k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

     (l)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

                     **CONSOLE LAW OFFICES LLC**

Dated:  June 15, 2016       BY:   _____

                     Stephen G. Console (36656)
                     Laura C. Mattiacci (89643)
                     Caren N. Gurmankin (205900)
                     1525 Locust St., 9th Floor
                     Philadelphia, PA 19102
                     (215) 545-7676
                     (215) 565-2853 (fax)

                     Attorneys for Plaintiff,
                     Michele Vandegrift

# EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 530-2014-03217 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Michele D. Vandegrift** | ▮▮▮▮▮▮▮ | ▮▮▮▮▮ |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| ▮▮▮▮▮▮▮▮▮ **Huntingdon Valley, PA 19006** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **PHILADELPHIA POLICE DEPARTMENT** | **500 or More** | **(215) 686-3013** |
| Street Address                    City, State and ZIP Code | | |
| **2301 S. 24th St.,  Philadelphia, PA 19145** | | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |
| Street Address                    City, State and ZIP Code | | |
| | | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest **07-31-2014**    Latest **08-22-2014**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.  I am currently employed with Respondent in the position of Detective.

II.  On or about July 31, 2014 I notified my supervisor of my allegation of assignments being given out on what I alleged to be in a biased manner – I alleged I was being given the less desirable assignments because I am a female.  On or about August 7, 2014 I received a text message from Det. ▮▮▮▮▮ which included a picture of woman kneeling in front of a man with his pants down as he was holding her head at his crotch.  The message read: "does anyone recognize this girl…?"  The woman in the photo looked similar to me.  This too was reported to management.

III.  Because of the harassment and adverse treatment I am receiving from the male detectives, I have requested a transfer.

IV.  I believe I am being discriminated against, and sexually harassed, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Aug 27, 2014** *(signature)* Michele Vandegrift | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date          Charging Party Signature | |

RECEIVED AUG 27 PH 12: 14 EEOC PHILADELPHIA DISTRICT OFFICE

Revised 11/00

**Information For Complainants & Election Option**
**To Dual File With The**
**Pennsylvania Human Relations Commission**

MICHELE VANDEGRIFT                          vs PHILADELPHIA POLICE DEPT

EEOC No. 530-2014-03217

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHCR) under the Pennsylvania Human Relations Act. Filing your charge with the PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in manner which could affect the outcome of your case.

Complaints filed with PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charged files with PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC

Since you have chosen to file you charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year of filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

*I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4909, relating to unsworn falsification to authorities.*

Michele Vandegrift      8/27/14
Signature and Date

*I do not want my charge dual filed with PHRC.*

Signature and Date

EEOC PHILADELPHIA DISTRICT OFFICE
14 AUG 27 PM 2: 14
RECEIVED

# EXHIBIT "2"

| AMENDED CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q FEPA<br>X EEOC | 530-2014-03917 |

| STATE OR LOCAL AGENCY:   Pennsylvania Human Relations Commission | |
|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Michele Vandegrift | HOME TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Huntingdon Valley, PA 19006 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>City of Philadelphia | NUMBER OF EMPLOYEES,<br>MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(215) 686-3013 |
|---|---|---|

| STREET ADDRESS<br>Headquarters<br>750 Race Street | CITY, STATE AND ZIP<br>Philadelphia, PA 19106 | COUNTY<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>Q Race   QColor   X Sex   QReligion   QNational Origin<br>X Retaliation   Q Age   Q Disability   QOther (Specify) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                              Latest |
| | Continuing violation |

**The Particulars Are:**

A.     1.     Relevant Work History

I was hired by Respondent in or about May 2004 as a Police Officer. I worked in various districts within Respondent until I was promoted to Detective in or around December 2011. At that time, I was transferred to the South Division. As of in or around January 2014, I reported directly to Lieutenant ████████ (male), who reported to Captain ████████ (male). Captain ████████ currently reports to Inspector ████████ (male).

South Division is composed of four (4) squads, called "1 squad," "2 squad," "3 squad," and, "5 squad." As of about November 2013, I was assigned to 3 squad, along with Sergeant ████████ (male); Sergeant ████████ (male); Detective ████████ (male); Detective ████████ (male); Detective ████████ (male); Detective ████████ (male); Detective ████████ (male); Detective ████████ (male); and, Detective ████████ (male).

I have consistently demonstrated excellent performance and dedication to Respondent.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>*Michele Vandegrift*<br>Date: 10-26-14   Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

RECEIVED 14 OCT 27 PM 3:00 PHILADELPHIA DISTRICT OFFICE

EEOC Charge of Discrimination
Page 2 of 6
Initials of Charging Party – *MV*

14 OCT 27 PM 3:00 RECEIVED EEOC PHILADELPHIA DISTRICT OFFICE

2.    **Harm Summary**

The work environment at Respondent is one of pervasive sex discrimination and retaliation. I have been discriminated against because of my sex. I have also been, and continue to be, retaliated against based on my complaints about the same. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)    In or around 2007, ▮▮▮▮ Inspector (male), who was in my chain of command, told me to come up to his office. When I went in, I was standing against the wall when he approached me and said, "I want to know how wet you are." He stuck his hand down my pants and my underwear, inserted his finger in my vagina, pulled his hand out of my pants and tasted his finger. I immediately said that I had to go and left his office;

(b)    In or around 2009, I was on patrol with Officer ▮▮▮▮ (male). After telling me that his girlfriend's vagina was too small and it hurt his penis when he had sex with her, he suddenly pulled down the zipper of his pants and exposed himself;

(c)    In or around 2007, I came in to work and my face was sunburned. Sergeant ▮▮ (male) asked me if I got my sunburn while engaging in "roadhead" with my then-fiance. "Roadhead" refers to a woman giving a man oral sex while he is driving;

(d)    In or around 2011, Sergeant ▮▮▮▮ (male), and my direct supervisor at the time, was talking to me about a rumor that a female police officer was having an affair with a (higher level, male) Sergeant in our squad. In the middle of that conversation, Sergeant ▮▮▮ said, "No man would ever turn down a blow job." I understood Sergeant ▮▮▮ comment to mean that he wanted me to offer to give him a blow job and that he would accept the same;

(e)    In or around 2009, a male supervisor-level employee told me that the squad in which I worked at the time thought that I was "fucking" Sergeant ▮▮▮▮ (male), my then-supervisor;

(f)    In or around 2010, I was walking to the women's locker room when Officer ▮▮▮ (male) came out of the men's locker room. He made sure to stop and check that I was looking at him, and then he started zipping up his pants. When I told him not to ever do that again, he rolled his eyes and said, "whatever;"

(g)    On or about August 7, 2014, Detective ▮▮▮ sent me and several of my (male) colleagues a text message. The text stated, "Does anyone recognize this girl with [Captain] ▮▮▮▮ (Whiskey Harry/white hook)?" Attached to the text message was a picture of Jerry Jones, the owner of the Dallas Cowboys football team, pushing a woman's head into his crotch. The woman in the picture looked like me. Captain ▮▮▮ worked in South Division until his promotion in or around January 2014, when Captain ▮▮▮ was transferred into that position;

(h)    I am aware that Mr. Jones was recently sued by a stripper who accused him of sexually assaulting her, including groping her genitals, making her rub his penis, and forcing her to watch as he received oral sex from a different woman. The woman who brought the lawsuit alleged that she took pictures of Mr. Jones with other women, including the picture that Detective ▮▮▮ sent;

EEOC Charge of Discrimination
Page 3 of 6
Initials of Charging Party — *MV*

(i)   In response to Detective ▆▆ text message, Detective ▆▆▆▆▆ (male) replied to everyone on the text, "Yeah, yeah. She looks familiar. Yeah yeah I think I've got it." As my colleagues are well aware, I frequently say, "yeah, yeah" in conversation;

(j)   On or about August 16, 2014, Sergeant ▆▆ asked if anyone had Lieutenant ▆▆▆▆ phone number. When I said yes, and handed him my phone so that he could use it to call Lieutenant ▆▆▆, Sergeant ▆▆ said, "hold up, he's not going to answer the phone and say, hey baby?" The other (male) detectives who were in the room started laughing;

(k)   On or about July 28, 2014, I was walking to court when I saw Detective ▆▆ and Detective ▆▆▆. Detective ▆▆ looked at my chest and said, "What, are you trying to show off your cleavage today?" He then laughed and punched me in the arm. Detective ▆▆ then looked at my chest and laughed;

(l)   My male colleagues have told me that I should take it as a compliment when they, and other males, stare at me;

(m)   Detective ▆▆ keeps a large coffee mug on his desk on which he painted, in white-out, "Get Off My Dick";

(n)   On or about June 25, 2014, Detective ▆▆ asked me if I went anywhere good on my recent vacation. When I told him that we went to Ocean City, Detective ▆▆ responded that he thought I went to "Hedonism." I understood Detective ▆▆ reference to Hedonism to be regarding a vacation spot in Jamaica that is known to be sexually wild and a destination for nudists and swingers. When I told Detective ▆▆ that I would never go there for vacation, as I was married with a baby, he said that that was an "even better reason to go";

(o)   Detective ▆▆▆▆ told me that, when he feels badly about what kind of detective he is, he just thinks of me and says to himself, "if she can do it, I can do it because, I mean really, Michele, what kind of detective are you;"

(p)   Upon information and belief, male detectives responsible for assigning work when it comes in favor the males regarding the same by giving them more complex complaints that warrant overtime. I complained to Lieutenant ▆▆ regarding the same, including that the male detectives did not respect me because I am female. I also complained that the male detectives spread rumors that I am in a sexual relationship with him;

(q)   In response to my complaint, Lieutenant ▆▆ told me that he was unable to say something directly to the male detectives regarding my complaint because it would look like he was sticking up for me. He told me to direct my complaints to Sergeant ▆▆ and/or Sergeant ▆▆▆;

(r)   Upon information and belief, Detective ▆▆ sent a text message to my male colleagues including a picture of an elderly woman holding a retired detective badge and he wrote in the text, "I'd rather have her for a partner than Michele";

(s)   While I was at the firing range at the Police Academy for mandatory training, I was unloading my firearm in front of a group of male police officers, who, as soon as they noticed me, started staring at me. One of the officers asked me if I needed help "unloading," in a suggestive tone;

EEOC Charge of Discrimination
Page 4 of 6
Initials of Charging Party – 

(t)     On or about August 25, 2014, I went to Respondent's Employee Assistance
        Program ("EAP"), as I was extremely upset and stressed regarding the sexist,
        degrading conduct to which I was being, and had been, subjected. The advice of
        the EAP counselor was to tell my male colleagues to "knock it off." I was also
        told by the EAP to just let my Captain handle the situation, rather than me filing a
        complaint against Respondent;

(u)     After I left my session at Respondent's EAP, I made a complaint with the Equal
        Employment Opportunity ("EEO") unit of Respondent's Internal Affairs Bureau
        ("IAB") regarding the sex discriminatory conduct to which I was being subjected;

(v)     Upon leaving Respondent's IAB, I contacted Captain ▇▇▇▇▇▇ and informed
        him that I had just filed an EEO complaint. Captain ▇▇▇▇▇▇, who sounded
        annoyed with me, asked me for a quick description regarding the basis for the
        same, and then told me that he had a meeting and would call me back. Although
        I told Captain ▇▇▇▇▇▇ that I did not feel comfortable continuing to work in my
        squad with male colleagues who were engaging in sex discriminatory conduct,
        he did not get back to me;

(w)     On or about August 26, 2014, I contacted my union to advise them of my EEO
        complaint that I filed with IAB, and they said that I should file a complaint with the
        EEOC, as Respondent was not taking my complaints seriously;

(x)     When the union contacted Captain ▇▇▇▇▇▇ to ask how Respondent was going
        to handle my complaint, as I was not comfortable continuing to work in my squad
        with my male colleagues who harassed me, he said that I could transfer into 1
        squad or 2 squad. I chose 2 squad, as I had previously worked in that squad and
        get along well with the detectives;

(y)     Upon my transfer to 2 squad, Detective ▇▇▇▇▇▇ (male) told me that, "You
        would not believe what the [3] squad is saying about you. They told me not to
        talk to you because you were fucking the lieutenant [▇▇▇▇] on last out and that
        you back-stabbed him by making a complaint about him." "Last out" refers to the
        12am-8am shift, which I worked until my transfer to 2 squad. Detective ▇▇▇▇
        also told me that the 3 squad detectives were saying that I could not be trusted
        because of my complaint;

(z)     Upon my transfer to 2 squad, I was ignored and treated with hostility by the same
        (male) colleagues with whom I had worked previously and with whom I had
        gotten along very well;

(aa)    I informed Lieutenant ▇▇▇▇▇▇ (male), supervisor of 2 squad, about
        Detective ▇▇▇▇▇▇ comments. His only response was that he did not think that
        he had a solution to the problem, and that he would speak with Captain
        ▇▇▇▇▇▇;

(bb)    On or about August 27, 2014, I filed a Charge of Discrimination with the EEOC
        regarding the sex discriminatory conduct to which I was being subjected;

(cc) On or about September 5, 2014, Respondent informed me that I was being transferred to the Southwest Division. That division is generally perceived by police officers and detectives to be the worst division in which to work, as it is extremely busy and extremely hectic. The Southwest Division is also further from my home than the South Division. The Southwest Division is well-known as the location to which officers and detectives who are in trouble or who have engaged in misconduct are sent as a punitive measure;

(dd) When I asked the reason for my transfer, I was told that it was best for my "protection" to be moved out of South Division. I was immediately escorted out of the building;

(ee) When I informed IAB that I was being transferred, involuntarily, to the Southwest Division, I was told that Respondent was taking such action because it was easier to transfer me than all of the (male) employees about whom I was complaining. I was also told that the investigation into my complaints would probably be concluded after Christmas 2014; and,

(ff) Respondents' demographics evidence a bias against females. Evidence of this includes, but is not limited to, the following:

(1) Out of approximately fifty (50) detectives in South Division, only about six (6) are female;

(2) I was the only female in 3 squad in South Division;

(3) Upon information and belief, there has not been a female Captain in South Division for at least approximately fifteen (15) years;

(4) Since my transfer into South Division, around December 2011, there has been only one (1) female Lieutenant, who was promoted into the position in or around January 2014; and,

(5) In over ten (10) years of employment with Respondent, I have never had a female direct supervisor.

B. 1. Respondent's Stated Reasons

(a) Respondent has not offered any explanation for the hostile work environment based on my sex and my complaints about the discriminatory treatment to which I have been subjected;

(b) Respondent has not offered any explanation for the retaliation to which I have been subjected, including being transferred to a less desirable location; and,

(c) Respondent has not offered any explanation for its pattern and practice of discriminating against female employees, including subjecting them to a hostile work environment.

EEOC Charge of Discrimination
Page 6 of 6
Initials of Charging Party – *MV*

C.    1.    Statutes and Basis for Allegations

I believe that Respondent has discriminated against me and subjected me to a hostile work environment based on my sex and retaliated against me based on my complaints about the same in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

D.    1.    Class Harm

I bring this charge on a class basis as a result of the pattern and practice of sex discrimination and a hostile work environment existing at Respondent.  Accordingly, I file this as a class charge on behalf of all female employees of Respondent that have been subjected to discrimination and a hostile work environment while employed at Respondent.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Michele Vandegrift v. City of Philadelphia**

EEOC No. _530-2014-03217_

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

_X_ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

_X___ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X   *Michele Vandegrift 10-26-14*
Signature and Date

____ I do not want my charge dual filed with PHRC

_____
Signature and Date

EEOC PHILADELPHIA DISTRICT OFFICE   14 OCT 27 PH 3:00   RECEIVED

# EXHIBIT "3"

| SECOND AMENDED CHARGE OF DISCRIMINATION | AGENCY | | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q | FEPA | **530-2014-03217** |
| | X | EEOC | |

| STATE OR LOCAL AGENCY:  Pennsylvania Human Relations Commission |
|---|

| NAME (Indicate Mr., Ms., Mrs.) **Michele Vandegrift** | HOME TELEPHONE NUMBER *(Include Area Code)* ▮▮▮▮ |
|---|---|

| STREET ADDRESS ▮▮▮▮ | CITY, STATE AND ZIP Huntingdon Valley, PA 19006 | DATE OF BIRTH ▮▮▮▮ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME **City of Philadelphia** | NUMBER OF EMPLOYEES, MEMBERS >15 | TELEPHONE (Include Area Code) (215) 686-3013 |
|---|---|---|

| STREET ADDRESS **Headquarters** **750 Race Street** | CITY, STATE AND ZIP Philadelphia, PA 19106 | COUNTY Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))* Q Race   Q Color   X Sex   Q Religion   Q National Origin  **X** Retaliation   Q Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE *Earliest*              *Latest* Continuing violation |
|---|---|

**The Particulars Are:**

A.    1.     Relevant Work History

I was hired by Respondent in or about May 2004 as a Police Officer.  I worked in various districts within Respondent until I was promoted to Detective in or around December 2011.  At that time, I was transferred to the South Division.  As of in or around January 2014, I reported directly to Lieutenant ▮▮▮▮ (male), who reported to Captain ▮▮▮▮ (male).  Captain ▮▮▮▮ currently reports to Inspector ▮▮▮▮ (male).

South Division is composed of four (4) squads, called "1 squad," "2 squad," "3 squad," and, "5 squad."  As of about November 2013, I was assigned to 3 squad, along with Sergeant ▮▮▮▮ (male); Sergeant ▮▮▮▮ (male); Detective ▮▮▮▮ (male); Detective ▮▮▮▮ (male); Detective ▮▮▮▮ (male); Detective ▮▮▮▮ (male); Detective ▮▮▮▮ (male); Detective ▮▮▮▮ (male); Detective ▮▮▮▮ (male); and, Detective ▮▮▮▮ (male).

I have consistently demonstrated excellent performance and dedication to Respondent.

| X I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. *Michele Vandegrift* Date: 4-14-15   Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

**EEOC Charge of Discrimination**
**Page 2 of 4**

On or about August 27, 2014, I filed a Charge of Discrimination with the EEOC regarding the discriminatory conduct to which I was being subjected.   Respondent was aware of the same.

On or about October 27, 2014, I filed an Amended Charge of Discrimination with the EEOC regarding the continued discriminatory and retaliatory conduct to which I was being subjected (a copy of the Amended Charge was sent to Respondent on that same day).

2. Harm Summary

The work environment at Respondent is one of pervasive sex discrimination and retaliation. I have been discriminated against because of my sex. I have also been, and continue to be, retaliated against based on my complaints about the same. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) In or about 2007, a male officer in my squad commented about a new female officer that had just graduated from the Academy, "Oh my God, did you see her. She's just my type. I'd fuck the shit out of her;"

(b) In or around late 2012, during my time in South Division, a (male) Sergeant with whom I used to work in another division stopped by. When I asked him about his family, including his young children, he asked me when I was going to have kids. When I responded that my husband and I were trying, his response, in front of other (male) officers was, "so you're fucking a lot;"

(c) Throughout my employment with Respondent, I have repeatedly heard male officers make sex-based comments about an attractive female complainant or witness, including, but not limited to, discussing what they would like to do to the female sexually; and, commenting about the female's breasts or backside area;

(d) In or around 2010 or 2011, I was in the parking lot at the Ninth Division. Detective ███████ (male) walked by and slapped me on my backside. My brother, an officer with Respondent's Police Department, was there at the time and witnessed the incident. When my brother complained to Sergeant ███, Detective ███████ supervisor, Sergeant ███ made him apologize to me. To the best of my knowledge, Detective ███████ was not disciplined for slapping me on my backside;

(e) In or around 2011, I was in a car with Officer ███████ (male) in the Center City District, and we stopped to talk to two (2) male officers, whom Officer ███████ knew. After we drove away, Officer ███████ showed me a text message that one (1) of the officers sent that said, "are you fucking that;"

(f) As set forth in my (first) Amended Charge of Discrimination, Respondent reassigned me, temporarily, to the Southwest Division on or about September 5, 2014, shortly after I filed my (first) Charge of Discrimination. That division is generally perceived by police officers and detectives to be the worst division in which to work, as it is extremely busy and extremely hectic. The Southwest Division is also further from my home than the South Division. The Southwest Division is well-known as the location to which officers and detectives who are in trouble or who have engaged in misconduct are sent as a punitive measure. I was told that the reason for my transfer was that it was best for my "protection" to be moved out of South Division, and that it was easier to transfer me than all of the (male) employees about whom I was complaining;

**EEOC Charge of Discrimination**
**Page 3 of 4**

(g)     My transfer to Southwest Division has made my job more difficult, as I get
direction regarding the same from both Southwest Division and South Division,
including, but not limited to, the following:

(1)     Being told by Southwest Division supervisors that they were unable to
approve my summer vacation days, and that the South Division
supervisors would need to approve the same;

(2)     Having to go through South Division to take a required test regarding a
computer application that I need to access as part of my job;

(3)     Having to go through Southwest Division regarding my daily work
schedules and assignments;

(4)     Both South Division and Southwest Division requiring me to sign off on
the same training materials;

(5)     Having to go through South Division regarding the renewal of my driver's
license;

(6)     Having to go through South Division regarding the expiration of my police
identification card;

(7)     Being unable to check my time off (sick, vacation, holiday) balances on
the computers in Southwest Division and having to wait for South
Division to send me that information via mail; and,

(8)     Being contacted by both South Division and Southwest Division
regarding getting fitted for a new bulletproof vest.

(h)     To the best of my knowledge, Respondent has still not completed its
investigation into my complaints, although I have submitted to four (4) interviews
by two (2) of Respondent's IAB investigators over the last six (6) months and I
was initially told that Respondent anticipated that the investigation would be over
around Christmas 2014.

B.     1.     Respondent's Stated Reasons

(a)     Respondent has not offered any explanation for the hostile work environment
based on my sex and my complaints about the discriminatory treatment to which
I have been, and continue to be, subjected;

(b)     Respondent has not offered any explanation for the retaliation to which I have
been, and continue to be, subjected; and,

(c)     Respondent has not offered any explanation for its pattern and practice of
discriminating against female employees, including subjecting them to a hostile
work environment.

C.     1.     Statutes and Basis for Allegations

I believe that Respondent has discriminated against me and subjected me to a hostile
work environment based on my sex and retaliated against me based on my complaints
about the same in violation of Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. §2000(e), *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as
amended, 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

**EEOC Charge of Discrimination**
**Page 4 of 4**

D.     1.     Class Harm

I bring this charge on a class basis as a result of the pattern and practice of sex discrimination and a hostile work environment existing at Respondent.  Accordingly, I file this as a class charge on behalf of all female employees of Respondent that have been subjected to discrimination and a hostile work environment while employed at Respondent.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

**Michele Vandegrift v. City of Philadelphia**

EEOC No. 530-2014-03217

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.

**[Sign and date appropriate request below]**

 X  I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

 X   *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X   *Michele Vandegrift 4-14-15*
Signature and Date

_____ I do not want my charge dual filed with PHRC

Signature and Date

# EXHIBIT "4"

| THIRD CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>X  EEOC | 530-2015-03088 |

STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission

| NAME (Indicate Mr., Ms., Mrs.)<br>Michele Vandegrift | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| STREET ADDRESS         CITY, STATE AND ZIP<br>Huntingdon Valley, PA 19006 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>City of Philadelphia | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(215) 686-3013 |
|---|---|---|
| STREET ADDRESS<br>Headquarters<br>750 Race Street | CITY, STATE AND ZIP<br>Philadelphia, PA 19106 | COUNTY<br>Philadelphia |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   X Sex   Q Religion   Q National Origin<br>   X Retaliation   Q Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>Earliest         Latest<br><br>Continuing violation |
|---|---|

**The Particulars Are:**

A.    1.      Relevant Work History

I was hired by Respondent in or about May 2004 as a Police Officer. I worked in various districts within Respondent until I was promoted to Detective in or around December 2011. At that time, I was transferred to the South Division. As of in or around January 2014, I reported directly to Lieutenant ██████ (male), who reported to Captain ██████ (male). Captain ██████ currently reports to Inspector ██████ (male).

South Division is composed of four (4) squads, called "1 squad," "2 squad," "3 squad," and, "5 squad." As of about November 2013, I was assigned to 3 squad, along with Sergeant ██████ (male); Sergeant ██████ (male); Detective ██████ (male); Detective ██████ (male); Detective ██████ (male); Detective ██████ (male); Detective ██████ (male); Detective ██████ (male); and, Detective ██████ (male).

I have consistently demonstrated excellent performance and dedication to Respondent.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>*Michele Vandegrift*<br>Date: 6-5-15   Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

EEOC PHILADELPHIA DISTRICT OFFICE

RECEIVED 15 JUN 15 PM 3:22

EEOC Charge of Discrimination
Page 2 of 3

On or about August 27, 2014, I filed a Charge of Discrimination with the EEOC regarding the discriminatory conduct to which I was being subjected.   Respondent was aware of the same.

On or about October 27, 2014, I filed an Amended Charge of Discrimination with the EEOC regarding the continued discriminatory and retaliatory conduct to which I was being subjected (a copy of the Amended Charge was sent to Respondent on that same day).

On or about April 14, 2015, I filed a Second Amended Charge of Discrimination with the EEOC regarding the continued discriminatory and retaliatory conduct to which I was being subjected (a copy of the Amended Charge was sent to Respondent on that same day).

2.      Harm Summary

The work environment at Respondent is one of pervasive sex discrimination and retaliation.  I have been discriminated against because of my sex.  I have also been, and continue to be, retaliated against based on my complaints about the same.  Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)     On or about February 27, 2015, I advised Respondent that I was pregnant;

(b)     On or about April 23, 2015, I submitted a request to be detailed to Northeast Detectives Division as soon as possible and for the duration of my pregnancy. The reason for my request was that my commute was extended since my reassignment to Southwest Division last year, shortly after I made my complaints regarding the discriminatory conduct to which I was subjected.  The longer commute created issues with my physical capabilities associated with my pregnancy;

(c)     My supervisors at Southwest Division approved my request, and I was told that the same was submitted to the Chief Inspector;

(d)     On or about May 13, 2015, I was told that Respondent denied my request.  I was not given a reason for the same;

(e)     On or about May 19, 2015, I submitted a second request to be detailed to Northeast Detectives as soon as possible and for the duration of my pregnancy. In my memo, I stated the following:

This is my second request to be detailed to Northeast Detectives as soon as possible for the remainder of my pregnancy.  I submitted my first request to be detailed to NEDD on April 23, 2015.  On May 13, 2015, I was advised that my request was denied; I was not given a reason as to why my request was denied. After I made complaints last year about sex discrimination, including regarding South Division where I was then assigned, I was detailed, involuntarily, to Southwest Division which involves a longer commute from my home than I had when I was assigned to South Division, and my travel time has become an issue with my new physical capabilities associated with my pregnancy.  I have exhausted my options as far as different travel routes however this has not assisted with the issue;

(f)     I also attached to the May 19th memo a letter from my doctor regarding my request for a reassignment due to my pregnancy; and,

**EEOC Charge of Discrimination**
**Page 3 of 3**

(g)     On or about June 4, 2015, I was told that Respondent denied my second request to be detailed temporarily to Northeast Detectives for the duration of my pregnancy.  I was not given a reason for the same.

B.     1.     Respondent's Stated Reasons

(a)     Respondent has not offered any explanation for the hostile work environment based on my sex and my complaints about the discriminatory treatment to which I have been, and continue to be, subjected;

(b)     Respondent has not offered any explanation for the retaliation to which I have been, and continue to be, subjected; and,

(c)     Respondent has not offered any explanation for its pattern and practice of discriminating against female employees, including subjecting them to a hostile work environment.

C.     1.     Statutes and Basis for Allegations

I believe that Respondent has discriminated against me and subjected me to a hostile work environment based on my sex and retaliated against me based on my complaints about the same in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

D.     1.     Class Harm

I bring this charge on a class basis as a result of the pattern and practice of sex discrimination and a hostile work environment existing at Respondent.  Accordingly, I file this as a class charge on behalf of all female employees of Respondent that have been subjected to discrimination and a hostile work environment while employed at Respondent.

INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### Michele Vandegrift v. City of Philadelphia

EEOC No. **530-2015-03088**

   You have the right to file this charge of discrimination with the Pennsylvania Human Relations
Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC
protects your state rights, especially since there may be circumstances in which state and federal laws
and procedures vary in a manner which would affect the outcome of your case.

   Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are
unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be
dismissed.

   If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with
your signature under the verification below, will constitute filing with the PHRC. You have chosen
EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept
EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to
file a request for preliminary hearing with PHRC.

   Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency,
the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is
required by either party, unless/until otherwise notified by PHRC.

   If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file
your complaint in state court. PHRC will inform you of these rights and obligations at that time.
                                    **[Sign and date appropriate request below]**


   **X**   I want my charge filed with PHRC. I hereby incorporate this form and the verification below into
the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to
PHRC.

   **X**   *I understand that false statements in this complaint are made subject to the penalties of 18
Pa.C.S. §4904, relating to unsworn falsification to authorities.*

                          X   _Michele Vandegrift_ 6-5-15
                              Signature and Date

_____   I do not want my charge dual filed with PHRC

                              _____
                              Signature and Date

RECEIVED
EEOC PHILADELPHIA DISTRICT OFFICE
15 JUN -5 PM 3:28

# EXHIBIT "5"

| **FOURTH CHARGE OF DISCRIMINATION** | AGENCY<br>Ω   FEPA<br>X   EEOC | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | 530-2015-03991 |

| STATE OR LOCAL AGENCY:  Pennsylvania Human Relations Commission |
|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Michele Vandegrift | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Huntingdon Valley, PA 19006 | DATE OF BIRTH |
|---|---|---|

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)**

| NAME<br>City of Philadelphia | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(215) 686-3013 |
|---|---|---|

| STREET ADDRESS<br>Headquarters<br>750 Race Street | CITY, STATE AND ZIP<br><br>Philadelphia, PA 19106 | COUNTY<br>Philadelphia |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Ω Race   Ω Color   **X** Sex   Ω Religion   Ω National Origin<br>**X** Retaliation   Ω Age   Ω Disability   Ω Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest*                     *Latest*<br><br>Continuing violation |
|---|---|

**The Particulars Are:**

A.   1.   Relevant Work History

I was hired by Respondent in or about May 2004 as a Police Officer.  I worked in various districts within Respondent until I was promoted to Detective in or around December 2011.  At that time, I was transferred to the South Division.  As of in or around January 2014, I reported directly to Lieutenant ███████████ (male), who reported to Captain ███████████ (male).  Captain ███████████ currently reports to Inspector ███████████ (male).

South Division is composed of four (4) squads, called "1 squad," "2 squad," "3 squad," and, "5 squad."  As of about November 2013, I was assigned to 3 squad, along with Sergeant ███████████ (male); Sergeant ███████████ (male); Detective ███████████ (male); Detective ███████████ (male); Detective ███████████ (male); Detective ███████████ (male); Detective ███████████ (male); Detective ███████████ (male); and, Detective ███████████ (male).

I have consistently demonstrated excellent performance and dedication to Respondent.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>*Michele Vandegrift*<br>Date: 7-24-15   Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

15 JUL 24 PM 3: 26<br>EEOC PHILADELPHIA DISTRICT OFFICE<br>RECEIVED

EEOC Charge of Discrimination
Page 2 of 3

On or about August 27, 2014, I filed a Charge of Discrimination with the EEOC regarding the discriminatory conduct to which I was being subjected.   Respondent was aware of the same.

On or about October 27, 2014, I filed an Amended Charge of Discrimination with the EEOC regarding the continued discriminatory and retaliatory conduct to which I was being subjected (a copy of the Amended Charge was sent to Respondent on that same day).

On or about April 14, 2015, I filed a Third Charge of Discrimination with the EEOC regarding the continued discriminatory and retaliatory conduct to which I was being subjected (a copy of the Amended Charge was sent to Respondent on that same day).

On or about June 5, 2015, I filed a Fourth Charge of Discrimination with the EEOC regarding the continued discrimination and retaliatory conduct to which I was being subjected (a copy of the Amended Charge was sent to Respondent on that same day).

2.      Harm Summary

The work environment at Respondent is one of pervasive sex discrimination and retaliation.  I have been discriminated against because of my sex.  I have also been, and continue to be, retaliated against based on my complaints about the same.  Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)     On or about July 23, 2015, I was informed that I was being charged with "Conduct Unbecoming" for "Lying or attempting to deceive regarding a material fact during the course of any Departmental investigation."  I was told that the basis of the same was that an EEO investigation had determined that I "lied or attempted to deceive regarding a material fact during the course of this investigation";

(b)     I was told that the EEO investigation had determined that I violated departmental policy, pursuant to Directive 97, Equal Employment Compliant Procedures, for posting an "inappropriate" Facebook message on July 29, 2014 to one (1) of my peers, Detective ███████ (male).  Detective ███ had engaged in sex discriminatory conduct towards me and I complained about him previously to Respondent, including in my Amended Charge of Discrimination which I filed on or about October 27, 2014;

(c)     I was further told that I would be called at a hearing, at an unknown date, before the Police Board of Inquiry and that Lieutenant ███████████, one (1) of the three (3) investigators at Respondent's Internal Affairs Bureau who has interrogated me over the past eleven (11) months regarding my complaints, was going to be a witness at the hearing.  I had informed Lt. ███████ about the Facebook message (and given him a copy of the same) during my first meeting with him in around August 2014;

(d)     This is the first time during my eleven (11) year career in Respondent's Police Department that I have ever been disciplined or charged with any inappropriate conduct; and,

**EEOC Charge of Discrimination**
**Page 3 of 3**

    (e)    Despite having submitted to approximately five (5) separate interrogations by three (3) separate investigators with Respondent's Internal Affairs Bureau over the course of the last eleven (11) months regarding my complaints of discriminatory and retaliatory conduct, no one from Respondent has informed me regarding the status of any investigations into my complaints, or any remedial or corrective action that has been taken regarding the same. I have not been told that anyone about whom I have complained has been charged with any misconduct, or disciplined regarding the same.

B.    1.      Respondent's Stated Reasons

    (a)    Respondent has not offered any explanation for the hostile work environment based on my sex and my complaints about the discriminatory treatment to which I have been, and continue to be, subjected;

    (b)    Respondent has not offered any explanation for the retaliation to which I have been, and continue to be, subjected; and,

    (c)    Respondent has not offered any explanation for its pattern and practice of discriminating against female employees, including subjecting them to a hostile work environment.

C.    1.      Statutes and Basis for Allegations

    I believe that Respondent has discriminated against me and subjected me to a hostile work environment based on my sex and retaliated against me based on my complaints about the same in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), as set forth herein.

D.    1.      Class Harm

    I bring this charge on a class basis as a result of the pattern and practice of sex discrimination and a hostile work environment existing at Respondent. Accordingly, I file this as a class charge on behalf of all female employees of Respondent that have been subjected to discrimination and a hostile work environment while employed at Respondent.

**INFORMATION FOR COMPLAINANTS & ELECTION OPTION
TO DUAL FILE WITH THE
PENNSYLVANIA HUMAN RELATIONS COMMISSION**

### Michele Vandegrift v. City of Philadelphia

EEOC No. ___530-2015-03991___

You have the right to file this charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) under the Pennsylvania Human Relations Act. Filing your charge with PHRC protects your state rights, especially since there may be circumstances in which state and federal laws and procedures vary in a manner which would affect the outcome of your case.

Complaints filed with the PHRC must be filed within 180 days of the act(s) which you believe are unlawful discrimination. If PHRC determines that your PHRC complaint is untimely, it will be dismissed.

If you want your charge filed with the PHRC, including this form as part of your EEOC charge, with your signature under the verification below, will constitute filing with the PHRC. You have chosen EEOC to investigate your complaint, so PHRC will not investigate it and, in most cases, will accept EEOC's finding. If you disagree with PHRC's adoption of EEOC's finding, you will have the chance to file a request for preliminary hearing with PHRC.

Since you have chosen to file your charge first with EEOC, making it the primary investigatory agency, the Respondent will not be required to file an answer with PHRC, and no other action with PHRC is required by either party, unless/until otherwise notified by PHRC.

If your case is still pending with PHRC after one year from filing with PHRC, you have the right to file your complaint in state court. PHRC will inform you of these rights and obligations at that time.
**[Sign and date appropriate request below]**

__X__ I want my charge filed with PHRC. I hereby incorporate this form and the verification below into the attached EEOC complaint form and file it as my PHRC complaint. I request EEOC to transmit it to PHRC.

__X__ *I understand that false statements in this complaint are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.*

X _Michele Vandegrift_ 7-24-15
Signature and Date

_____ I do not want my charge dual filed with PHRC

_____
Signature and Date

# EXHIBIT "6"



U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL
9590 9401 0174 5234 6726 06

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

March 18, 2016

Ms. Michele D. Vandegrift
c/o Caren N. Gurmankin, Esquire
Console Law Offices
1525 Locust Street
9th Floor
Philadelphia, PA 19102

Re: EEOC Charge Against Philadelphia Police Department
    No. 530201403217

Dear Ms. Vandegrift:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Vanita Gupta
Principal Deputy Assistant Attorney General
Civil Rights Division

by *Karen L. Ferguson*
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Philadelphia District Office, EEOC
    Philadelphia Police Department

# EXHIBIT "7"



U.S. Department of Justice
Civil Rights Division

---

CERTIFIED MAIL
7010 0290 0000 2012 3632

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

April 05, 2016

Ms. Michele D. Vandegrift
c/o Caren N. Gurmankin, Esquire
Console Law Offices
1525 Locust Street
9th Floor
Philadelphia, PA  19102

Re: EEOC Charge Against City of Philadelphia, Police Department
  No. 530201503088

Dear Ms. Vandegrift:

 Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

 If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

 The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

 This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

        Sincerely,

        Vanita Gupta
      Principal Deputy Assistant Attorney General
        Civil Rights Division

      by *Karen L. Ferguson*
        Karen L. Ferguson
      Supervisory Civil Rights Analyst
      Employment Litigation Section

cc: Philadelphia District Office, EEOC
  City of Philadelphia, Police Department

# EXHIBIT "8"



U.S. Department of Justice
Civil Rights Division

CERTIFIED MAIL
7010 0290 0000 2017 1299

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

April 20, 2016

Ms. Michele D. Vandegrift
c/o Caren N. Gurmankin, Esquire
Console Law Offices
1525 Locust Street
9th Floor
Philadelphia, PA  19102

Re:  EEOC Charge Against City of Philadelphia, Police Dept. Headquarters
     No. 530201503991

Dear Ms. Vandegrift:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Philadelphia District Office, Philadelphia, PA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                    Sincerely,

                    Vanita Gupta
          Principal Deputy Assistant Attorney General
                Civil Rights Division

        by
                Karen L. Ferguson
            Supervisory Civil Rights Analyst
             Employment Litigation Section

cc: Philadelphia District Office, EEOC
    City of Philadelphia, Police Dept. Headquarters